*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARCUS TYREE LASHAWN WALKER,

        Defendant-Appellant.

UNPUBLISHED
December 17, 2021

No. 351789
Washtenaw Circuit Court
LC No. 17-000800-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RICO MONTEZ CHANDLER,

        Defendant-Appellant.

No. 352198
Washtenaw Circuit Court
LC No. 19-000073-FC

Before: FORT HOOD, P.J., and MARKEY and GLEICHER, JJ.

GLEICHER, J. (*concurring*)

I concur with the affirmance of both defendants' convictions. I write separately to suggest that the prosecutor's questioning of defendant Rico Chandler regarding statements made by defendant Marcus Walker constituted a violation of the rule announced in *Bruton v United States*, 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968). During defendant Chandler's cross-examination, the prosecutor specifically and repeatedly referenced defendant Walker's testimony that Chandler had shot and killed the victim. This was not only prosecutorial misconduct, as my colleagues point out, but also a violation of Chandler's Confrontation Clause rights. To his great credit, the assistant prosecuting attorney who argued this case conceded that a *Bruton* error had been committed.

The prosecution used Walker's statements against Chandler in an unmistakable manner. By asking at the outset of the cross-examination whether Chandler was "present in the courtroom

and . . . heard that your very own co-Defendant, Mr. Walker, told the police that you told them that you shot and killed Dominque Lee," the prosecutor introduced Walker's statement. This was an undisguised attempt at an end-run around *Bruton*, and in my view the error is indistinguishable. Chandler's counsel did not object. I would hold that the use of Walker's testimony constituted plain error and obviously violated Chandler's Sixth Amendment rights. See *United States v Powell*, 732 F3d 361, 378-379 (CA 5, 2013).

Nevertheless, the evidence marshalled against Chandler was substantial and compelling. Although the introduction of Walker's statement was plain error and substantially affected the fairness of the proceedings, I am convinced that the violation of Chandler's constitutional right was harmless beyond a reasonable doubt. Even absent the *Bruton* error, no reasonable probability exists that Chandler would have been acquitted. On this basis, I concur with the majority's resolution of Chandler's appellate arguments.

/s/ Elizabeth L. Gleicher